**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Ronald W. Holcomb,**
**Petitioner Below, Petitioner**

**FILED**

**October 23, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 16-1176** (Mercer County 12-C-118)

**David Ballard, Warden,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Ronald W. Holcomb, by counsel Edward L. Bullman, appeals the Circuit Court of Mercer County's October 6, 2015, order denying his amended petition for writ of habeas corpus. Respondent David Ballard, Warden, by counsel David A. Stackpole, filed a response.[1] On appeal, petitioner argues that the circuit court erred in denying his amended habeas petition on the grounds that the circuit court made erroneous rulings regarding testing of DNA evidence and petitioner's claim of ineffective assistance of counsel.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2007, petitioner was indicted on first-degree murder and death of a child by a parent by child abuse. Petitioner proceeded to trial and was found guilty of the lesser-included offense of second-degree murder and death of a child by a parent by child abuse. He was sentenced to a determinate term of forty years of incarceration for each crime of which he was convicted, and the sentences were ordered to run consecutively.

On February 27, 2012, petitioner filed a pro se petition for writ of habeas corpus. Following the appointment of counsel, petitioner filed an amended petition for writ of habeas corpus ("amended petition") on June 6, 2014. In his amended petition, petitioner alleged that the trial court erroneously denied his request for independent testing of the DNA evidence, that he

---

[1]Petitioner originally listed Karen Pszczolkowski, Warden of Northern Correctional Facility, as respondent in this matter. However, petitioner is no longer housed at Northern Correctional Facility and is, instead, housed at Mt. Olive Correctional Complex. Pursuant to Rule 41(c) of the Rules of Appellate Procedure, the name of the correct public officer has been substituted as respondent in this action.

received ineffective assistance of counsel, that he was subjected to selective prosecution, that trial counsel failed to adequately raise the issue of his mental state at the time of the incident giving rise to his charges, that he failed to comprehend the plea offer, that he received ineffective assistance of appellate counsel, and that the prosecutor engaged in prosecutorial misconduct. On December 12, 2014, the circuit court held a hearing on petitioner's amended petition. Following this hearing, petitioner moved to reopen the record to allow him to retain a psychiatrist to determine whether his mental state had a significant bearing on his culpability at the time of the offense and competency at trial. The record remained open for ninety days, but no further evidence was submitted. Following the expiration of this ninety-day period, the circuit court denied petitioner's amended petition by order dated October 6, 2015. It is from this order that petitioner appeals.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

In petitioner's amended petition, he raised the claim that the trial court erred in denying him the opportunity to independently test the victim's fingernail scrapings. At the hearing on the amended petition, petitioner's trial counsel testified to having consulted with an expert witness who was going to offer an opinion on the time the victim's death occurred ("timeline expert") in support of petitioner's defense that his then-wife committed the murder prior to leaving for work. The timeline expert, however, upon review of the matter, informed trial counsel that he no longer held the opinion that the victim's death could have occurred during a time when the victim's mother was at the home.

In denying petitioner's claim that it was error to deny him the opportunity to independently test the fingernail scrapings, the circuit court found that petitioner failed to show that the State failed to preserve documentation of the tests conducted by the crime lab, that he was unable to conduct a full and fair examination of the DNA test results, and that a lack of documentation prevented trial counsel from cross-examining the State's expert. In finding that there was no evidence that petitioner's expert could not examine the testing results, the circuit court determined, "[t]o the contrary, according to defense counsel's testimony during the omnibus evidentiary, when the defense expert reviewed the matter in preparation for his testimony at trial, he changed his opinion and instead of vindicating [petitioner], his testimony would have implicated him in the death of his daughter." Thus, on appeal, petitioner argues that this matter should be remanded to allow the circuit court "to review the evidence regarding the expert testimony actually obtained as it did not relate to DNA as the lower court believed."

2

Here, petitioner does not challenge the ruling on the DNA testing issue raised in his amended petition, nor does he articulate the error in the circuit court's consideration of the fact that the timeline expert had no difficulty reviewing the evidence. He seeks only a remand for further consideration of the evidence. Petitioner, however, fails to cite any authority for such relief. Accordingly, because petitioner failed to allege any error in the circuit court's ruling on this ground, and because he cites no authority for the relief he seeks, we find no abuse of discretion in the circuit court's ruling on petitioner's claim concerning the DNA testing.[2]

Petitioner also states that "[w]hile there was testimony that a DNA expert was consulted and not called [f]or strategic reasons, the record does not explain the strategy" and that "it may be necessary for the [p]etitioner to develop the record on an ineffective assistance of counsel claim regarding the presentation of the writ of habeas corpus[.]" Petitioner bears the burden of developing the record for this Court's review. Petitioner's failure to do so to his satisfaction is not grounds for remand. Further, petitioner's claim that it may be "necessary" for him to "develop the record on an ineffective assistance of [habeas] counsel claim" is similarly not properly before this Court. No such record has been developed for our review, and petitioner has, again, failed to cite any authority justifying a remand for this purpose. *See State v. Hughes*, 225 W.Va. 218, 230, 691 S.E.2d 813, 825 (2010) ("[A]s a general rule, we will not pass upon an issue raised for the first time on appeal."); *see also State v. Miller*, 194 W.Va. 3, 14-17, 459 S.E.2d 114, 125-28 (1995) (discussing difficulties in addressing ineffective assistance of counsel claims in absence of developed record).

Petitioner next argues that he received ineffective assistance of counsel "at trial and at the habeas level." Petitioner's claim against his habeas counsel is that no evidence was submitted during the ninety-day period allotted for submission of evidence concerning petitioner's mental state. Petitioner requests that this Court remand this case "in order to allow the lower court to hear evidence as to why mental state evidence was not developed and presented to the court below[,]" but he again fails to cite any authority to support remanding for further factual development. As also set forth above, we decline to address any issues not developed on the record, including issues surrounding habeas counsel's representation.

Petitioner's ineffective assistance of trial counsel claim is predicated on trial counsel's failure to advance a diminished capacity defense against petitioner's wishes. We have held that the standard of review applicable to ineffective assistance of counsel claims is as follows:

> In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a

---

[2]We also note that petitioner challenged the circuit court's denial of his request for independent testing prior to trial via a petition for writ of prohibition. *See Holcomb v. Sadler*, 222 W.Va. 32, 658 S.E.2d 562 (2008). Finding that petitioner's petition was premature due to the fact that he had not been "denied the opportunity to examine the testing results for purposes of conducting a meaningful cross examination of the individual who performed the forensics analysis," we denied the petition. *Id.* at 36, 658 S.E.2d at 566.

reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 6, 459 S.E.2d 114, 117 (1995).

In the instant case, petitioner has failed to cite any law that supports his position that counsel should have disregarded his wishes and presented a defense he explicitly rejected. Not only that, but petitioner was evaluated by three separate mental health professionals, each of whom found that petitioner did not lack criminal responsibility and was competent to stand trial. "The strong presumption that counsel's actions were the result of sound trial strategy . . . can be rebutted only by clear record evidence that the strategy adopted by counsel was unreasonable." *State v. LaRock*, 196 W.Va. 294, 309, 470 S.E.2d 613, 628 (1996) (citation omitted). Because the record is clear that petitioner did not wish to pursue a diminished capacity defense and that the psychological testing obtained did not support such a defense, we find that the circuit court did not abuse its discretion in concluding that "there is no evidence that the strategy adopted by counsel was unreasonable" and that counsel rendered effective assistance.

For the foregoing reasons, we affirm the circuit court's October 6, 2015, order denying petitioner's amended petition for writ of habeas corpus.

Affirmed.

**ISSUED:** October 23, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

4